# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES T. CONWAY, III

Petitioner, : Case No. 3:07-cv-345

-vs- : District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

MARC C. HOUK, Warden,

Respondent. :

---

**DECISION AND ORDER ON PETITIONER'S MOTION FOR DISCOVERY**

---

This capital habeas corpus case is before the Court on Petitioner's Motion for Discovery (Doc. No. 26). The warden opposes the Motion in its entirety (Doc. No. 28) and Petitioner has filed a Reply in support (Doc. No. 30).

## Discovery Sought

Petitioner seeks the following discovery:

1. A records deposition[1] of the Franklin County Sheriff's Department "relating to the investigation involving the shooting of Jesse James on September 14, 2001, at the

[1]Petitioner refers to these discovery requests as "requests for production." Under Fed. R. Civ. P. 34, requests for production can only be directed to other parties in a case. Since none of the referenced document custodians is a party, documents must be obtained from them by subpoena duces tecum.

intersection of Evergreen and Palmetto." (Motion, Doc. No. 26, at 6.)

2. Records depositions of Franklin County Sheriff's Office and the Columbus, Ohio, Police Department for

> 1. All investigation(s) of Ronald Trent for his commission of illegal act(s) whether or not those investigations resulted in the institution of charges.
>
> 2. All communication(s) with Ronald Trent concerning the commission of all possible illegal act(s) committed by Ronald Trent or a third party, regardless of whether those communication(s) resulted in the institution of charges against Arthurs[2], Trent, or a third party. *Id*. at 9.

3. Records depositions of the Franklin and Ross County Prosecutor's Offices for all documents related to

> 1. All communication(s) with Ronald Trent concerning the commission of all potentially illegal act(s) by Trent or a third party, regardless of whether those communication(s) resulted in the prosecution of Trent or a third party.
>
> 2. Any consideration that Ronald Trent received for his cooperation and/or assistance in the investigation and prosecution involving the homicide of Andrew Dotson. *Id*. at 9-10.

4. A records depositions of the Ohio Department of Rehabilitation and Corrections for all documents relating to Ronald Trent. *Id*. at 10.

5. The depositions of:

    1. Zachary Scott of the Franklin County Sheriff's Department concerning all communications with Ronald Trent and his attorney.

---

[2]Arthurs would not be included in the subpoena duces tecum to the Columbus Police Department.

2. Former Franklin County Assistant Prosecutor David DeVillars concerning his communications with Ronald Trent and his attorney.

3. Assistant Franklin County Prosecutor Sheryl Prichard concerning all communications with Ronald Trent and his attorneys.

4. Attorney Sarah Beauchamp concerning her representation of Ronald Trent, including but not limited to, her communications with the Franklin County Sheriff's Department, Franklin County Prosecutor's Office, Ross County Prosecutor's Office and the Chillicothe Police Department.

5. Ronald Trent concerning his involvement in any investigation involving James Conway and any other case in which he has provided information to a law enforcement agency, regardless of whether the information resulted in the institution of charges. *Id*. at 10-11.

6. Records depositions of the Franklin County Prosecutor's and Sheriff's Offices and Special Prosecutor Rick Gibson for all records concerning Attorney Christopher Cicero's involvement in any criminal offenses including and not limited to the death of Andrew Dotson and any information that Attorney Christopher Cicero has provided to the Franklin County Prosecutor's Office concerning the alleged illegal acts of James Conway, Jamie Horton, Shawn Nightingale, Michael Arthurs, Rob Meyers or any other person who has had contact with James Conway or offenses in which James Conway was allegedly involved.. *Id*. at 14-15.

7. Depositions of Franklin County Prosecutor Ronald O'Brien and former assistant county prosecutor Dave DeVillars concerning any information that Attorney Christopher Cicero has provided that office concerning the alleged illegal acts of James Conway, Jamie Horton, Shawn Nightingale, Michael Arthurs, Rob Meyers or any other person who has had contact with James Conway or offenses in which James Conway was allegedly involved. *Id*. at 15.

8. The deposition of special prosecutor Rick Gibson Concerning any information that Attorney

Christopher Cicero or his representative has provided the Special Prosecutor, Franklin County Prosecutor or Sheriff's Office concerning the alleged illegal acts of James Conway, Jamie Horton, Shawn Nightingale, Michael Arthurs, Rob Meyers or any other person who has had contact with James Conway or offenses in which James Conway was allegedly involved. *Id*. at 15.

9. The deposition of Attorney Christopher Cicero concerning 1) his representation of Jimmy Conway; and 2) Attorney Cicero's involvement with any illegal activities including, but not limited to, acts that James Conway, Jamie Horton, Andrew Dotson, Shawn Nightingale, or Michael Arthurs committed. *Id*. at 16.

**Standard for Habeas Discovery**

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing §2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286, 89 S. Ct. 1082, 22 L. Ed. 2d 281 (1969); *Byrd v. Collins*, 209 F. 3rd 486, 515-16 (6th Cir. 2000). Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, citing *United States v. Armstrong*, 517 U.S. 456, 116 S. Ct. 1480, 1488, 134 L. Ed. 2d 687 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442 (6th Cir. 2001), *citing Murphy v. Johnson*, 205 F. 3rd 809, 813-15 (5th Cir. 2000). "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant

requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487 (6th Cir. 2003)(*quoting Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley*, 380 F.3d 932, 974, (6th Cir. 2004), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Id., citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

**Analysis**

Petitioner's first grouping of discovery requests relates to the shooting of Jesse James. It was allegedly this shooting of James, allegedly done by Conway, that provided Conway with the motive to kill Andrew Dotson or have him killed. Petitioner relates this set of requested discovery to his claims in the Petition that he is factually innocent of the death penalty, that the prosecutors failed to provide him with exculpatory evidence as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and that his own counsel were ineffective for failing to investigate the James shooting more thoroughly.

Having considered the habeas claims sought to be established by this discovery, the Court finds that the discovery sought is sufficiently limited is not to be overly burdensome on the Franklin County Sheriff's Office (at least on the present record) and that it may produce evidence relevant to the three claims for which it is sought. While the *Brady* claim is broad and speculative, it appears inefficient to attempt to limit the document request to only those documents relevant to the

innocence and ineffective assistance of trial counsel claims. Discovery Request No. 1 as stated above[3] is granted.

Petitioner's second grouping of discovery requests is much broader and relates to a key witness, Ronald Trent. Petitioner relates these discovery requests to two claims in the Petition, to wit, that the prosecution used Trent to obtain inculpatory statements from Conway and that his attorneys rendered ineffective assistance of trial counsel in failing to investigate Trent thoroughly.

As to both of these claims, Respondent contends that they are procedurally defaulted (Response, Doc. No. 28, at 4.) Although Respondent has pled procedural default, the Court has not yet been asked to adjudicate that defense by, for example, the filing of a partial summary judgment motion. So long as the procedural default defense has not been adjudicated, its pleading does not provide a basis to deny discovery.

Respondent also resists discovery on the basis that these two claims are without merit. *Id*. These claims cannot be conclusively disposed of on the basis of Respondent's assertions: extensive cross-examination of Trent by defense counsel does not preclude a possible finding, after discovery, that counsel failed to uncover information which would have made the cross-examination more effective. Clearly Trent's testimony was key to the conviction and Petitioner's habeas counsel are entitled to know what his trial counsel could have uncovered.

Respondent's objections to the scope of the sought discovery are well taken in part. The discovery sought in the second grouping is granted with the following limitations:

1. Discovery Requests 2 and 3 are limited to investigations or communications regarding Trent

---

[3] The Court is granting, limiting, or denying discovery requests as the Court has configured them in the first part of this Order.

which concern the murder in this case or which concern crimes occurring before the trial of this case.

2. Discovery Request 4 is limited to "pre-sentence investigation reports and separation orders ... that would document Trent's history as an informant." (Quoting Response in Support, Doc. No. 30, at 5.

3. The depositions at Discovery Request No. 5 shall be limited to communications regarding this case or crimes which occurred before the trial of this case.

The fact that Attorney Sarah Beauchamp may be required by her professional position to assert claims of privilege during her deposition does not prevent her being deposed. Any privilege objections available in her deposition are her client's to raise or waive; Respondent lacks standing to do so.

The third grouping of discovery requests seeks information on the involvement of Attorney Christopher Cicero in the events of this case and related cases. Respondent's objection that Attorney Cicero was only involved in the case for a short period of time and that Conway had conflict-free representation for the balance of the case is not persuasive to the Court. Even after Cicero ceased to be Conway's lawyer, he had a continuing duty of loyalty. If he breached that duty so as to deflect attention from his own potentially indictable conduct, which is what Petitioner's counsel are suggesting, they have a right to explore that possibility. Petitioner's Discovery Requests 6, 7, 8, and 9 are granted.

At the conclusion of his Response, the Warden requests an opportunity to move for "reciprocal discovery" if any discovery is granted to Petitioner; Petitioner opposes this request.

Certainly Respondent's counsel are entitled to participate fully in any of the depositions contemplated by this Order and they are encouraged to do so. In another recent capital case in this Court, cross-examination at deposition of a particular key witness was quite limited, presumably because Respondent's counsel anticipated that there would be full cross-examination at the evidentiary hearing. However, the witness became incompetent between the deposition and the hearing date, so that the record contains only the deposition, with a large number of leading questions on key topics. The only way to avoid this possibility is with thorough cross-examination at deposition. Respondent's counsel are of course likewise entitled to inspect any documents produced for the records depositions.

If, however, Respondent's counsel mean by "reciprocal discovery" that they should be permitted to move at some point in the future for discovery from other sources or on other topics than those covered by Petitioner's Motion, they will at the time of making such a motion, be required to show good cause why they could not have sought discovery by the date set in the Scheduling Order, January 9, 2009 (See Doc. No. 10).

It is likely that the discovery permitted by this Order will produce a fair amount of "satellite litigation" in that third parties sought to be deposed may raised objections. Counsel are strongly encouraged to (1) begin discovery promptly, (2) attempt to resolve any disputes with third parties by negotiation, and (3) present any unresolved disputes promptly to the Court.

All discovery granted herein shall be completed not later than October 31, 2009.

April 8, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge