# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES T. CONWAY, III

    Petitioner,

:

Case No. 3:07-cv-345

:

-vs-

District Judge Timothy S. Black
Magistrate Judge Michael R. Merz

MARC C. HOUK, Warden,

:

    Respondent.

---

**DECISION AND ORDER DENYING PETITIONER'S RENEWED MOTION FOR EVIDENTIARY HEARING AND GRANTING PETITIONER'S MOTION TO HOLD PROCEEDINGS IN ABEYANCE**

---

This case is before the Court on Petitioner's Renewed Motion for Evidentiary Hearing on his Third and Fourth Claims for Relief (Doc. No. 107). The Warden opposes the Motion (Doc. No. 109) and Petitioner has filed a Reply in support (Doc. No. 113). On April 6, 2011, the Magistrate Judge requested the parties to file supplemental memoranda on the impact of *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011), on this Motion (Doc. No. 117), and both parties have done so (Doc. Nos. 118, 122). Contemporaneously, Petitioner's filed his Motion to Hold Proceedings in Abeyance to Permit Petitioner to Return to State Court (Doc. No. 121).[1] The Warden also opposes this Motion (Doc. No. 127) and Petitioner has filed a Reply in Support (Doc. No. 132).

These are both nondispositive pre-trial motions on which the Magistrate Judge has authority

---

[1] This Motion is docketed as a "Motion to Remand," despite the title given to it by Petitioner's counsel. It is not properly a motion to remand because this case was not "removed" from state court.

-1-

to rule.

## Relevant Procedural History

A Scheduling Order filed March 8, 2010 (Doc. No. 47), required any motion for evidentiary hearing in this case to be filed not later than April 1, 2010, and Petitioner filed his First Motion for Evidentiary Hearing on that date (Doc. No. 52). In a further Scheduling Order entered April 5, 2010, the Court required all depositions taken in the case and all "documents obtained by Petitioner" in discovery, to be filed in lieu of a formal motion to expand the record "and without deciding *a priori* the extent to which it is proper for the Court to consider the discovered material in deciding any particular matter or claim in the case." The Court further required an amended reply/traverse and a response by the Warden. The Court ordered the Warden to "take a position as to whether any claims made by Petitioner remain unexhausted in the sense that there is a remaining state court remedy potentially available to the Petitioner." (Doc. No. 54)

Petitioner's First Motion for Evidentiary Hearing was rendered moot when he moved with the Warden's consent to file an amended motion (Doc. No. 86 & notation order) which he did on July 22, 2010 (Doc. No. 90). The parties made a false start at summary judgment practice, after which Petitioner filed a Renewed Motion for Evidentiary Hearing (Doc. No. 101). That Renewed Motion was denied on January 26, 2011 (Doc. No. 105). Judge Black affirmed that denial on April 6, 2011 (Doc. No. 116). While the appeal to Judge Black was pending, Petitioner filed the instant Renewed Motion (Doc. No. 107), responding to the fact the Magistrate Judge had denied his prior

motion as to the Third and Fourth Grounds for Relief without prejudice.[2]  The Motion to Hold in Abeyance was filed at the same time as Petitioner's Brief on the impact of *Cullen v. Pinholster, supra.*

### Standard for Evidentiary Hearings in Habeas Corpus Cases

In denying Petitioner's prior motion for evidentiary hearing, the Magistrate Judge held that holding an evidentiary hearing in a habeas corpus case is governed by Rule 8 of the Rules Governing § 2254 Cases (the "Habeas Rules") as modified by 28 U.S.C. § 2254(e)(2), adopted as part of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  The Court then quoted the then-controlling case from the Sixth Circuit:

> Section 2254(e)(2) sets forth certain preconditions to obtaining an evidentiary hearing in a habeas proceeding where a petitioner has "failed to develop the factual basis of a claim in State court proceedings." The Supreme Court has held that "failed" within the meaning of § 2254(e)(2) refers to "a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel."
> *Williams v. Taylor*, 529 U.S. 420, 432 (2000).
>
> [Even if a petitioner] overcomes the initial statutory hurdle to obtaining a hearing, "the fact that [a petitioner] is not disqualified from receiving an evidentiary hearing under § 2254(e)(2) does not entitle him to one." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). The Supreme Court recently explained that, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the

---

[2] Here again the docket is inconsistent with the title of pleading. The docket shows this as a "supplemental" motion, whereas the title as printed on the document is "Renewed Motion." These inconsistencies in docketing make it difficult for the Court to follow counsels' argument.

> applicant to federal habeas relief." *Schriro v. Landrigan*, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007); *see also Bowling*, 344 F.3d at 512 (determining that the district court's denial of an evidentiary hearing did not amount to an abuse of discretion after examining the following factors: whether the petitioner "alleges sufficient grounds for release," whether "relevant facts are in dispute," and whether the "state courts . . . h[e]ld a full and fair evidentiary hearing"). Furthermore, "[b]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Schriro*, 127 S. Ct. at 1940.

(Decision and Order, Doc. No. 105, PageID 3103, *quoting Getsy v. Mitchell,* 495 F.3d 295, 310-311 (6th Cir. 2007)(en banc)).

*Cullen v. Pinholster. supra,* clearly affects this standard. Prior to *Pinholster*, this Court had liberally granted evidentiary hearings with the understanding that the evidence developed in such a hearing was relevant, *inter alia*, to the question posed by 28 U.S.C. § 2254(d)(1): was the state court's decision on the merits of a federal constitutional claim contrary to or an unreasonable application of clearly established Supreme Court law. *Pinholster* rejects that interpretation. In *Pinholster* the Supreme Court held that a federal court's review under 28 U.S.C. § 2254(d)(1) of a state court decision on the merits is strictly limited to "review of the state court record," and that evidence acquired through use of an evidentiary hearing in federal court may not be considered. *Id.* at 1399. The Supreme Court further stated that § 2254(e)(2) only "continues to have force where § 2254(d)(1) does not bar federal habeas relief." *Id.* at 1401. The Supreme Court explained this holding, stating that § 2254(d) only governs claims that were adjudicated on the merits in state court whereas § 2254(e)(2) "restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court." *Id. Pinholster* holds that this Court cannot now consider the fruits of discovery conducted in federal habeas in

determining if the decision of the state court was an "unreasonable application of clearly established federal law," so long as the state court ruling was made on the merits.

In his Memorandum on the impact of *Pinholster*, Petitioner takes a very expansive view of the function of an evidentiary hearing in habeas. Conceding as he must the core holding of *Pinholster* that evidence presented in such a hearing cannot be considered on the § 2254(d)(1) issue, Petitioner envisions the hearing as an evidence-gathering mechanism:

> If the Court grants that motion [to hold in abeyance], it makes good judicial sense to have Petitioner present all of the relevant facts to the state courts. Complete exhaustion will only be possible if the Court grants him an evidentiary hearing. Petitioner then will be in a position to present the state courts all the relevant facts, both those developed in discovery and [those] adduced at the evidentiary hearing. After the state courts rule on the new facts, this Court will then be in a position to consider all the relevant facts.

(Doc. No. 122, PageID 3205.)

The Magistrate Judge disagrees strongly with this functional analysis. Broadly speaking, discovery is for the gathering of evidence and trial ("evidentiary hearing") is for the presentation and weighing of the evidence. Petitioner seems to envision an evidentiary hearing where the parties actually discover new evidence. Presumably the federal judge is then merely to have the hearing transcribed and, with no evaluation of the evidence, send it to the appropriate state court judge. That seems to turn the process envisioned by *Pinholster* on its head.

The balance of Petitioner's *Pinholster* Memorandum argues at length the due process implications of Ohio's post-conviction process, both in general and as applied to him. Suffice it to say that the Supreme Court has yet to hold that there is a constitutional right even to direct appeal of a criminal conviction, much less to post-conviction process that allows "full fact development." This Court need not reach those questions on this Motion, given the less expansive alternative.

-5-

In his *Pinholster* Memorandum, the Warden argues *Pinholster* precludes an evidentiary hearing on the Third Ground for Relief because that claim was adjudicated on the merits in the state courts (Warden's Memorandum, Doc. No. 118, PageID 3178). As to the Fourth Ground for Relief, the Warden asserts that, while the state courts did adjudicate a *Brady* claim on the merits, it was not **this** *Brady* claim, the Fourth Ground for Relief as reconfigured by Petitioner in his Amended Traverse[3]. *Id.* at PageID 3178-3179. The Warden asserts this new *Brady* claim is unexhausted because it has never been presented to the state courts. *Id.*

Having argued the Fourth Ground for Relief is unexhausted, the Warden opposes a stay for return to state court on the ground that both the Third and Fourth Grounds are plainly meritless (Warden's Response in Opposition, Doc. No. 127, PageID 3250-3260).

As part of its AEDPA jurisprudence, the Supreme Court has decided that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the

---

[3] A reply or traverse is not the appropriate pleading in which to amend a ground for relief. A habeas petitioner cannot avoid the strictures on amended petitions by making an amendment in a reply.

>State")....
>
>On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 277-278 (2005). If anything, *Pinholster* at least inferentially strengthens the case for stays by so strongly limiting what the habeas court can consider on the §2254(d)(1) question and thereby increasing emphasis on state court adjudication.

Petitioner has shown good cause for his failure to develop the evidence fully in the state courts, to wit, state court denial of all discovery in the post-conviction proceeding.[4] As Petitioner argues, it makes good sense to hold the standard for good cause for stay parallel to that imposed under 28 U.S.C. § 2254(e)(2): due diligence in pursuing the state-permitted methods for fact development. *Williams v. Taylor*, 529 U.S. 420 (2000).

Respondent has made a strong argument on the merits of Petitioner's Third and Fourth Grounds for Relief (Response in Opposition, Doc. No. 127, PageID 3250-3273). The Court cannot say, however, that they are so plainly meritless that this federal court, rather than the Ohio courts, should make that decision in the first instance.

Accordingly, Petitioner's Renewed Motion for Evidentiary Hearing (Doc. No. 107) is DENIED. Petitioner's Motion to Hold Proceedings in Abeyance is GRANTED and all further proceedings herein are stayed pending the outcome of a new post-conviction petition proceeding

---

[4] Petitioner's requests for discovery in the post-conviction process were very broad. One might speculate that total denial of discovery could have been caused by the state court's perception that Petitioner was overreaching.

which must be filed in the Franklin County Common Pleas Court no later than November 1, 2011. The parties shall keep this Court advised at least quarterly of the status of those proceedings.

The parties are reminded that this is a ruling on two non-dispositive motions. Appeal by either party will not automatically stay the effectiveness of this Order.

September 6, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge
