UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES T. CONWAY, | : | Case No. 3:07-cv-345 |
| Petitioner, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Michael R. Merz |
| vs. | : | |
| MARC C. HOUK, WARDEN, | : | |
| Respondent. | : | |

**DECISION AND ENTRY OVERRULING RESPONDENT'S OBJECTIONS TO THE DECISION AND ORDER OF THE MAGISTRATE JUDGE (Docs. 149, 167)**

This capital habeas corpus case is before the Court following the Decision and Order of Magistrate Judge Merz granting Petitioner leave to file an amended petition adding two additional grounds for relief: (1) that Petitioner's "execution will violate the Eighth Amendment because Ohio's lethal injection protocol will result in cruel and unusual punishment[;]" and (2) that Petitioner's "execution will violate the Fourteenth Amendment because Ohio's lethal injection protocol will deprive him of equal protection of the law." (Doc. 147).

Respondent objected to the Decision and Order. (Doc. 149). Subsequently, this Court issued a recommittal order, returning the case to the Magistrate Judge with instructions to file a supplemental opinion analyzing the objections and making recommendations based on that analysis. (Doc. 156). On July 11, 2012, Magistrate Judge Merz issued a Supplemental Opinion and Recommendations that the objections be overruled. (Doc. 158). Thereafter, the Respondent filed objections to the Supplemental

Opinion (Doc. 167), and the Petitioner filed a reply (Doc. 173). These issues are now ripe for the Court's consideration.

The Court's review of the Magistrate Judge's Decision and Order is governed by Fed. R. Civ. P. 72(a), which provides that, following the issuance of an order by a Magistrate Judge on a nondispositive issue, "[a] party may serve and file objections to the order within 14 days[,]" and thereafter, "[t]he district judge … must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." The Court reviews the Magistrate Judge's factual findings under the "clearly erroneous" standard and the Magistrate Judge's legal conclusions "under the more lenient 'contrary to law' standard." *Itskin v. Gibson*, No. 2:10cv689, 2012 U.S. Dist. LEXIS 32169, at *1 (S.D. Ohio Mar. 9, 2012) (citing *Gandee v. Glaser*, 785 F.Supp. 684 (S.D. Ohio 1992), *aff'd* 19 F.3d 1432 (6th Cir. 1994) (table)). Under both standards, however, the Court must "provide considerable deference to the determinations made by the magistrate judge." *Moran v. Svete*, C-3-05-072, 2012 U.S. Dist. LEXIS 47867, at *1 (S.D. Ohio Apr. 4, 2012).

Here, Respondent contends that the Decision and Order of the Magistrate Judge is contrary to law for two reasons: (1) Petitioner's claims challenging Ohio's lethal injection protocol are not cognizable in habeas review; and (2) Petitioner's claims are barred by the statute of limitations, 28 U.S.C. § 2244(d)(1)(D). In reviewing a nondispositive order pursuant to the "contrary to law" standard, "[t]his Court's review … is 'plenary.'" *Gandee*, 785 F.Supp. at 686. This Court "may overturn any conclusions of law which

contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Id.*

With regard to Respondent's contention that Petitioner's proposed amendments are not cognizable in habeas, the Magistrate Judge appropriately cited binding Sixth Circuit precedent holding otherwise, i.e., that challenges to Ohio's legal injection procedures are cognizable in a habeas petition. *Adams v. Bradshaw*, 644 F.3d 481, 482-83 (6th Cir. 2011). Concerning Respondent's contention that Petitioner's amendments are barred by the statute of limitations, the Court is unable to conclude that the Magistrate Judge's conclusions are clearly erroneous or contrary to law. *Chinn v. Bradshaw*, No. 3:02cv512, 2012 U.S. Dist. LEXIS 93083, at *3-4 (S.D. Ohio Jul. 5, 2012).

Accordingly:

1. The Supplemental Report and Recommendations (Doc. 158) is **ADOPTED**;

2. Respondent's objections (Docs. 149, 167) are **OVERRULED**; and

3. Petitioner shall file an Amended Petition forthwith.

**IT IS SO ORDERED.**

Date: 1/17/13

Timothy S. Black
United States District Judge