# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES T. CONWAY III,

                Petitioner,            :        Case No. 3:07-cv-345

   - vs -                                    District Judge Timothy S. Black
                                                  Magistrate Judge Michael R. Merz

MARC C. HOUK, Warden,
 Correctional Institution,

                                           :

                Respondent.

## DECISION AND ORDER DENYING MOTION TO DEEM EXHAUSTED WITHOUT PREJUDICE

       This capital habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner James Conway's Motion to Deem Exhausted the Claims and Facts Contained in his Pending State Post-Conviction Petition (ECF No. 261). The Warden opposes the Motion (ECF No. 264) and Conway has filed a Reply in Support (ECF No. 266).

       Petitioner notes that his current post-conviction petition has been pending in the Franklin County Common Pleas Court since March 19, 2013, and has still not been decided (ECF No. 261, PageID 18864). That was the status of the matter when the Motion was filed on December 14, 2016. The Court has received no report of a change of status since the filing, which makes the post-conviction petition now more than four years old without a decision.

       The stay of these proceedings to allow completion of state court litigation was dissolved September 17, 2015, and the Court entered an Amended Scheduling Order October 8, 2015,

hoping to schedule the remaining events in this case so that it could be concluded (ECF No. 230). Although no new stay has been entered, the pendency of the state court proceeding is in effect delaying process here. The instant Motion was engendered by the Decision and Order denying without prejudice Conway's most recent Motion to Amend (ECF No. 260).

The exhaustion doctrine is not jurisdictional and is thus waivable by the State, *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). However, 28 U.S.C. § 2254(b)(3) as added by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214), provides, "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." In the absence of exceptional or unusual circumstances, however, principles of comity and federalism require that unexhausted claims be decided in the first instance by the state courts even if the State does not raise the defense. *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996)(*per curiam*)(*en banc*). In this case, the State has not waived the exhaustion requirement.

Rather than emphasize exhaustion, however, the State of Ohio asserts "the threshold question before this Court is not one of exhaustion, but rather one of procedural default." (Opposition, ECF No. 264, PageID 18870, relying on *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)(noting that "[a] State's procedural rules are of vital importance to the orderly administration of its criminal courts; when a federal court permits them to be readily evaded, it undermines the criminal justice system.") Justice Scalia's dictum in *Lambrix* was written in the context of deciding that a federal court should usually resolve a procedural default question before reaching a *Teague v. Lane* question in a habeas case, even though the *Teague* issue

remains a "threshold" one.

The Warden spends most of his Opposition arguing that the claims in Conway's pending post-conviction petition are procedurally defaulted for the same reasons that the Ohio courts found procedural default as to his first post-conviction petition. However strong that argument may be, it has not yet resulted in a decision from the Franklin County Common Pleas Court, much less the Tenth District Court of Appeals.

This Court is not in a position to enforce a procedural default which has not yet been declared by the state courts. The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
> . . . .
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord, Hartman v. Bagley,* 492 F.3d 347,

357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A claim is not procedurally defaulted unless the state court actually enforces it. *Wogenstahl v. Mitchell*, 668 F.3d 307, 327 (6th Cir. 2012). Thus if the Court granted the pending motion and the Ohio courts had not yet decided the State's procedural default claim, an argument could be made that there had been no procedural default because the Ohio courts had not enforced the relevant state procedural rule, despite ample opportunity to do so. The federalism interests recognized in the exhaustion doctrine counsel against granting the motion.

It is more difficult to assess the comity interests. Anecdotally, the Franklin County Common Pleas Court is known to be one of the busiest general jurisdiction courts in the State, but that is only a general impression, unsupported by any evidence called to this Court's attention.

Comity, of course, is a two-way street. The Congress of the United States in the Civil Justice Act of 1990 (referred to colloquially by federal judges as the "Biden Bill" after its principal author) set a general expectation that civil litigation should be disposed of within three years of filing and requires the district courts to report on all cases pending more than three years. Even though death is said to be different, capital cases are not exempt and this case has had to be reported as over three years old since September 2010. Whatever a more sophisticated analysis would show, such reports may give the public the impression the district courts are not dealing with these cases in an expeditious manner.

In other capital cases in this Court, the Attorney General has strongly emphasized Ohio's interest in completion of capital litigation so that it can carry out court-ordered executions. See, generally, *In re: Ohio Execution Protocol Litig.*, Case No. 2-11-cv-1016, presently pending an *en banc* review in 6th Cir. Case No. 17-3076. That interest is present at every stage of capital

litigation which cannot come to the end until the "middle" is completed. The Attorney General is in a far better position to encourage state court collaboration in expeditious justice than this Court is and hopefully has done and will do what that office can to hasten a decision on the pending post-conviction petition.

Petitioner relies on a number of cases to show that his supposed remedy of state court post-conviction relief is futile in this case. See, e.g., *Turner v. Bagley,* 401 F.3d 718 (6th Cir. 2005) (reversing dismissal of a habeas petition on exhaustion grounds where the direct appeal had been pending for eight years.) The Sixth Circuit has not adopted any bright-line rule about when too much delay will render a state court remedy futile or even a presumptive amount of time after which the burden of showing the remedy is effective would shift to the State. In a very recent case, the Sixth Circuit reversed a district court's dismissal of a habeas petition on non-exhaustion grounds, concluding that a state-court six-year delay in adjudicating the petitioner's post-conviction petition "clearly qualifies for the 'inordinate delay' exception to the exhaustion rule." *Phillips v. White*, 851 F.3d 567, 576 (6th Cir. 2017). In *Workman v. Tate*, 957 F.2d 1339 (6th Cir. 1992), the court excused non-exhaustion where the petition for post-conviction relief had "languished in the state courts for more than three years without the Court of Common Pleas making the required findings of fact and conclusions of law. The state can point only to the 'turnover of judges and dispersement of caseloads' as the reasons for the delay." *Id.* at 1344. Here the State has offered no explanation at all for the delay.

In a non-capital habeas case, the petitioner has a much more substantial interest in a speedy decision than in a capital case. Conversely, a capital petitioner has a greater interest, given the stakes, in a court's taking its time to resolve matters carefully. That said, the State here suggests the procedural default issue should be quite straightforward for the state courts and

close to a res judicata matter.

Given this Court's respect for comity, the Court declines to find the presently pending post-conviction petition process is futile and the Motion to Deem Exhausted is DENIED WITHOUT PREJUDICE to its renewal if Franklin County Common Pleas Court has not decided the pending petition by July 1, 2017.

May 3, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge