# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES T. CONWAY III,

        Petitioner,    :    Case No. 3:07-cv-345

  - vs -                      District Judge Timothy S. Black
                                  Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
 Chillicothe Correctional Institution[1],

                              :

        Respondent.

## DECISION AND ORDER DENYING MOTION TO AMEND

This capital habeas corpus case under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion for Leave to for Leave to File Second Amended Petition (ECF No. 281).

A motion to amend under Fed. R. Civ. P. 15 is non-dispositive and thus within the Magistrate Judge's decisional authority. *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.); *Chinn v. Warden*, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020)(Morrison, D.J.).

The Motion purports to have attached a proposed Second Amended Habeas Petition, but in fact Petitioner has filed that document without court permission (ECF No. 282). Because court permission for such a filing is required and was not obtained, the Second Amended Petition

---

[1] The Court takes judicial notice that Tim Shoop has become the Warden at Chillicothe Correctional institution. He is hereby substituted as Respondent herein pursuant to Fed.R.Civ.P. 25and the caption is ordered amended as shown.

1

is STRICKEN.

The Warden opposes the Motion to Amend, summarizing his position as follows:

> Where the state courts denied Conway's third successive post-conviction petition on purely procedural grounds, the scope of habeas review is exceedingly narrow. Despite this, Conway wrongly proposes to add scores of factual allegations and rewrite his entire petition. The Court should deny this delaying tactic but afford Conway leave to propose an appropriate amendment that would appropriately follow the guidance from Habeas Rule 2 to succinctly articulate an appropriate challenge to the procedural denial by the state court.

(ECF No. 287, PageID 21540). Respondent apparently believes any amended petition in this case should be limited to the grounds raised in the recently-completed state court successive post-conviction litigation instead of embracing all claims that Conway now seeks to litigate in this Court. He complains "[i]nstead of apprising the Court of his contentions that attack the procedural default denial, Conway simply peppers the Doc. 282 proposed amended habeas petition with the same time-worn allegations that have been repeatedly rejected over years and years and years of state court litigation." *Id.* at PageID 21543-44.

Respondent also faults the proposed second amended petition for not pleading cause and prejudice to excuse any procedural defaults that the state courts may have enforced against Conway. *Id.* at PageID 21544-46.

Petitioner replies by asserting a habeas petitioner is not obliged to anticipate an affirmative defense in a petition, distinguishing the authority on which the Warden relies (Reply ECF No. 291).

## Analysis

28 U.S.C. § 2242 provides that a habeas corpus petition may be amended "as provided in the rules of procedure applicable to civil actions."  The applicable civil rule is Fed.R.Civ.P. 15.  The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182.    See also *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986);  *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

Likewise, a motion to amend may be denied if it is brought after undue delay or with dilatory motive. *Foman v. Davis*, 371 U.S. 178 (1962); *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990); *Bach v. Drerup*, 2012 U.S. Dist. LEXIS 35574, *1 (Ovington, M.J.); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), cert denied, 517 U.S. 112 (1996)(amendment should be denied if it "is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."). In *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994), the court repeated and explicated the *Foman* factors, noting that "[d]elay by itself is not a sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted. *Id.* at 130, quoting *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989). These considerations apply as well in capital habeas corpus cases. *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998), quoting *Brooks*.

It is not a valid objection to a motion to amend that the proposed amended pleading does not anticipate and defend against an affirmative defense that has not yet been pleaded. Nor is it a valid objection that a proposed amended habeas petition raises for review allegations that have been rejected in the state courts, since it is this Court's task to review those rejections. Respondent has not argued, at least not as of yet, that any of Petitioner's re-pleaded claims are sufficiently new claims so as to be barred by the statute of limitations. Nor has Respondent claimed Petitioner's counsel have been dilatory or acted in bad faith.

Independent of Respondent's claim relating to procedural default, the Magistrate Judge has examined the proposed second amended petition for futility. Without prejudice to merits review of any other the other proposed claims, the Magistrate Judge finds Conway's proposed Seventeenth and Eighteenth Claims for Relief fail to state claims upon which habeas corpus

4

relief can be granted.

The proposed Seventeenth Claim for Relief reads "The Cumulative Effect of the Federal Constitutional Errors Identified in this Petition Denied Conway A Fair Trial and Due Process under the Fifth, Sixth, Eighth and Fourteenth Amendments." (ECF No. 282, PageID 21392.

> 455. In the alternative, even if none of the individual grounds for relief warrants the granting of habeas relief, then the cumulative effect of those errors requires the vacation of Conway's convictions or sentences.
>
> 456. Constitutional claims of error are to be considered cumulatively as well as individually. Cumulative error or the cumulative effect of prejudice from a range of claims may collectively provide a basis for relief whether or not the effect of the individual errors warrants relief. Because of the unparalleled severity and irreversibility of the death penalty, the Eighth Amendment imposes a heightened standard for reliability in the determination that death is the appropriate penalty.

*Id.* at PageID 21524.

However, the Sixth Circuit has held that, after adoption of the AEDPA in 1996, cumulative error is not a basis for habeas corpus relief even in a capital case. *Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012); *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011), *cert. denied,* 132 S.Ct. 2751 (2011), *citing Moore v. Parker,* 425 F.3d 250, 256 (6th Cir. 2005), *cert. denied sub nom. Moore v. Simpson,* 549 U.S. 1027 (2006); *Hoffner v. Bradshaw*, 622 F.3d 487, 513 (6th Cir. 2010); *Lorraine v. Coyle*, 291 F.3d 416, (6th Cir. 2002).

The proposed Eighteenth Claim for Relief reads: "Execution By Lethal Injection As Administered By The State Of Ohio Violates Conway's Rights To Due Process, Equal Protection, And Freedom From Cruel And Unusual Punishment Under The Eighth And Fourteenth Amendments Of The United States Constitution." (ECF No. 282, PageID 21392-93)

> 463. Ohio law requires that all executions be carried out by lethal injection. O.R.C. § 2949.22. Ohio cannot carry out Conway's execution by lethal injection without violating his constitutional

rights, regardless of the execution protocol in place. Ohio's history of botched executions and repeated protocol changes demonstrates that Ohio cannot, and never will, carry out his execution by lethal injection in a constitutional manner. Because Ohio cannot legally or constitutionally carry out Conway's death sentence using the only method of execution permissible under Ohio law, Conway's claim is cognizable in habeas under 28 U.S.C. § 2254.

464. The most recent protocol issued by the Ohio Department of Rehabilitation and Correction was promulgated on October 7, 2016. *See* Notice of Revised Protocol, *In re: Ohio Execution Protocol Litig.*, No. 2:11-cv-1016, ECF No. 667-1, PageID 19812–32 (S.D. Ohio Oct. 7, 2016). The drugs in that protocol include three options: (1) Pentobarbital (5 grams); (2) Thiopental sodium (5 grams); or (3) A three-drug combination of: (a) Midazolam Hydrochloride (500 mg), a bromide paralytic drug (Vecuronium, Pancuronium, or Rocuronium bromide), and then (c) Potassium Chloride (240 milliequivalents). *Id.* In each of the four executions that Ohio has carried out or attempted to carry out since the adoption of that protocol, Ohio has used the third method, involving the administration of three drugs, beginning with midazolam (the "three-drug method").

II. Any Attempt By Ohio To Execute Conway By Lethal Injection Will Violate His Constitutional Rights.

465. The use of these drugs by Ohio poses an intolerable risk of extreme pain and cruelty. The drugs arbitrarily selected by Ohio for its current lethal injection protocol pose a sure or very likely risk of severe pain and suffering. Midazolam is not an anesthetic drug, and will not suppress the pain of the second and third drugs. Moreover, injectable midazolam is extremely acidic and caustic, and the use of the extreme quantity of midazolam that Ohio employs—500 mg—will overwhelm and damage Conway's lungs, causing acute pulmonary edema and the accompanying sensations of suffocation and drowning. Upon injection of the second drug, Conway, while still be sensate and aware, will be paralyzed from head to toe, including his lungs, and be unable to signal to anyone the suffering he is enduring. Finally, the injection of potassium chloride into the still-sensate Conway will feel like fire in Conway's veins, chemically burning him from the inside out. Such an execution cannot comport with the Eighth Amendment.

466. Moreover, Ohio has a history of botched executions. See generally Cooey v. Strickland, 479 F.3d 412, 423–24 (6th Cir. 2007). These included the prolonged death of Dennis McGuire in

2014, as well as the aborted execution of Rommel Broom in 2009. See State v. Broom, 51 N.E.3d 620 (Ohio 2016). They also include, most recently, the botched attempted execution of Alva Campbell in November 2017.

467. In Conway's case, execution by lethal injection is even more likely to be a gruesome and unconstitutionally painful affair, given his individual physical characteristics that that include, but are not limited to: (a) past difficulty in accessing his veins, (b) awoken twice in the past unexpectedly during medical procedures, (c) awaken in the middle of the night and been initially unable to move his body, (d) suffered heart palpitations, (e) suffered a gunshot wound to the stomach, f) experienced back pain, and g) suffered from acid reflux. Conway's history of having used alcohol, marijuana, and cocaine makes it likely that he will metabolize the execution drugs very rapidly, thereby creating a sure or very likely risk that he will not be rendered unaware, unconscious, and insensate throughout his execution, and thus be subjected to the extreme pain associated with the drugs used in the State of Ohio's protocol. Conway presents with individual mental/psychological characteristics that include, but are not limited to, (a) substance abuse including alcohol, marijuana, and cocaine, (b) a family history of substance abuse, and (c) dysfunctional childhood all of which individually and cumulatively increase the risk that he will experience a sure or very likely risk of serious harm. This is particularly a risk because of the great likelihood that mental fear, made worse by Conway's mental health conditions, will act synergistically with the physical pain inflicted by Ohio's execution protocol to leave Conway even more likely to subjectively experience severe or serious pain and suffering, regardless of the sedative effects of 500 mg midazolam.

468. Death by state-sanctioned lethal injection violates the due process protection of life, and constitutes cruel and unusual punishment in violation of Conway's constitutional rights because it inflicts torturous, gratuitous, and inhumane pain, suffering, and anguish upon the person executed by these means. As considerations of cruel and unusual punishment must draw meaning from evolving standards of decency that mark progress of a maturing society, this Court is not bound to statutory regulations or prior rulings by a court that violate the Eighth Amendment.

469. The death penalty must result in the mere extinguishment of life and that torture or a lingering death is unconstitutional. The jurisprudence of the Eighth Amendment has been consistent in its prohibition against all unnecessary cruelty.

7

*Id.* at PageID 21528-30.

In sum, the proposed Eighteenth Claim for Relief asserts Ohio's method of execution by lethal injection is unconstitutional. It is now firmly established that method of execution claims must be brought in an action under 42 U.S.C. § 1983 and not in habeas corpus. In *In re Campbell,* 874 F.3d 454 (6th Cir. 2017). Conway is a plaintiff in just such an action. *In re Ohio Lethal Injection Protocol Litig.*, Case No. 2:11-cv-1016.

**Conclusion**

Because Conway proposes to plead two grounds for relief, claims seventeen and eighteen, neither of which states a claim upon which habeas corpus relief can be granted, his Motion for Leave to File Second Amended Petition (ECF No. 281) is DENIED.

June 19, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
