# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JAMES T. CONWAY III,

                Petitioner,      :      Case No. 3:07-cv-345

   - vs -                                District Judge Timothy S. Black
                                                 Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
 Chillicothe Correctional Institution,

                                            :
                Respondent.

## SUPPLEMENTAL MEMORANDUM ON MOTION TO AMEND

This capital habeas corpus case is before the Court on Petitioner's Amended Objections (ECF No. 301) to the Magistrate Judge's Decision and Order (ECF No. 292) denying Petitioner's Motion for Leave to File Second Amended Petition (ECF No. 281). The Warden filed no objections himself, but has responded to Petitioner's Objections (ECF No. 303). District Judge Black has recommitted the matter for reconsideration in light of the Objections (ECF No. 302).

**First Objection: Failure to Provide Opportunity to Defend Cognizability of Grounds 17 and 18**

Petitioner's first objection is procedural: the Magistrate Judge denied the addition of Grounds 17 and 18 *sua sponte* without giving Petitioner a chance to argue that point (Objections, ECF No. 301, PageID 21610-11). The Magistrate Judge disagrees that Petitioner has been denied some procedural right and also disagrees that Petitioner has been prejudiced by the

1

procedure used.

Petitioner's Motion to Amend became ripe for decision in the usual way for motions in this Court: Petitioner moved to amend, the Warden opposed, and Petitioner filed a Reply in support. S. D. Ohio Civ. R. 7.1(a) provides

> Pursuant to Fed. R. Civ. P. 78, the determination of all motions, including those filed pursuant to Fed. R. Civ. P. 56, shall be based upon memoranda filed pursuant to S.D. Ohio Civ. R. 7.2 and without oral hearings, unless specifically ordered by the Court.

In deciding the Motion, the Magistrate Judge first recited authority from several judges of this Court holding that motions to amend are non-dispositive and thus within the initial decisional authority of an assigned Magistrate Judge (Decision, ECF No. 292, PageID 21569, citing *Monroe v. Houk*, No. 2:07-cv-258, 2016 U.S. Dist. LEXIS 38999 (S.D. Ohio, Mar. 23, 2016)(Sargus, C.J.); *McKnight v. Bobby*, 2017 U.S. Dist. LEXIS 63861 (S.D. Ohio Apr. 27, 2017)(Dlott, D.J.); *Chinn v. Warden*, 2020 U.S. Dist. LEXIS 94062 (S.D. Ohio May 29, 2020)(Morrison, D.J.). Petitioner has cited no authority from any court to the contrary. Of course, District Judge Black is not among the cited judges, is not bound by this intra-district precedent, and may take a different view.

The Decision next recites the general standard for deciding motions to amend from *Foman v. Davis*, 371 U.S. 178 (1962), and its progeny (ECF No. 292, PageID 21571-72). *Foman* provides that a motion to amend should be denied if it fails to state a claim upon which relief can be granted. Neither *Foman* nor any of its progeny suggest that a court in deciding a motion to amend must insert an additional step in the process, viz, asking the petitioner to show why the amendment states a claim when he or she has not briefed this issue.

Petitioner cites authority which he claims holds that "when a district court *sua sponte* raises a dispositive issue, such as the failure of a ground for relief to assert a claim on which

relief can be granted, the district court must initially grant initially give [sic] the party an opportunity to respond." (Objections, ECF No. 301, PageID 21611, citing *United States v. Bowdidge*[1], 252 F.2d 366, 369 (6th Cir. 1958); *Morrison v. Tomano*, 755 F.2d 515, 517 (6th Cir. 1985); and *Chase Bank v. City of Cleveland*, 695 F.3d 548, 558 (6th Cir. 2012).  In *Bowdidge* aliens faced with a deportation order filed a **case** which the district judge dismissed without notice or an opportunity to be heard, an action which the Sixth Circuit held violated Fed.R.Civ.P. 56.  In *Morrison* the district judge dismissed a civil rights **case** *sua sponte* for failure to state a claim without giving plaintiffs an opportunity to amend.  *Chase Bank* also involved *sua sponte* dismissal of a **case**.  All three of these precedents involve outright dismissal of an entire case and not a decision on a motion to amend.  None of them discuss motions to amend or the propriety of considering whether a proposed amendment states a claim.

Even assuming Petitioner's construction of Fed.R.Civ.P. 15 is correct, he has suffered no prejudice by the manner in which the Motion to Amend was decided.  There is a world of difference between a *sua sponte* dismissal of an entire case by a District Judge and denial of a nondispositive motion to amend by a Magistrate Judge.  The standard of review of a Magistrate Judge's decision on a nondispositive motion under Fed.R.Civ.P. 72(a) is whether the decision is clearly erroneous or contrary to law.  This standard calls for *de novo* review on questions of law[2] which means the Magistrate Judge's decision is not entitled to any deference.  Should a party disagree with a Magistrate Judge decision, he or she is perfectly free to argue the merits as, of course, Petitioner has done here.

---

[1] Captioned *Bowdidge v. Lehman* in the Federal Reporter.

[2] The Objections do not assert that the Decision contains any clearly erroneous findings of fact.

**Second Objection:  Proposed Grounds for Relief Do State Cognizable Habeas Claims**

Petitioner also raises substantive objections to the denial of amendment.

**Proposed Ground Seventeen**

Conway's proposed Seventeenth Ground for Relief reads:

> "The Cumulative Effect of the Federal Constitutional Errors Identified in this Petition Denied Conway A Fair Trial and Due Process under the Fifth, Sixth, Eighth and Fourteenth Amendments."

(ECF No. 282, PageID 21392.)

The entire text of the Decision as to Ground Seventeen reads:  "after adoption of the AEDPA in 1996, cumulative error is not a basis for habeas corpus relief even in a capital case (ECF No. 292, PageID 21573, citing *Moreland v. Bradshaw*, 699 F.3d 908, 931 (6th Cir. 2012); *Sheppard v. Bagley*, 657 F.3d 338, 348 (6th Cir. 2011), *cert. denied,* 132 S.Ct. 2751 (2011), *citing Moore v. Parker,* 425 F.3d 250, 256 (6th Cir. 2005), *cert. denied sub nom. Moore v. Simpson,* 549 U.S. 1027 (2006); *Hoffner v. Bradshaw*, 622 F.3d 487, 513 (6th Cir. 2010); *Lorraine v. Coyle*, 291 F.3d 416, (6th Cir. 2002).

Conway concedes that the Sixth Circuit has held, in the cases cited, that cumulative error is not cognizable.  But he denies there is any Supreme Court holding to that effect and asserts he must raise the issue now if he is ever to seek certiorari.  (Objections, ECF No. 301, PageID 21612, citing *Granite Rock Co. v. International Brotherhood of Teamsters*, 561 U.S. 287 (2010); and *Brumfield v. Cain*, 135 S. Ct. 2269 (2015)).  On the contrary, a decision on the motion to amend to add Ground Seventeen will remain interlocutory until this Court enters final judgment at which point that part of this Court's decision will be appealable.  Conway has asserted the

claim, not abandoned it. A decision that the claim is not cognizable is a decision on the merits, appealable (assuming a certificate of appealability[3]) like any other decision on the merits.

Conway cites pre-AEDPA Supreme Court precedent recognizing cumulative error claims and post-AEDPA precedent from the Ninth Circuit recognizing such a claim. However, the published Sixth Circuit decisions cited above are binding on this Court.

Conway next argues that two of his cumulative error claims in post-conviction were found procedurally defaulted in the Ohio courts. (Objections, ECF No. 301, PageID 21613). Therefore, he asserts AEDPA does not apply because the state courts did not reach the merits. Not so. If the state courts did not reach the merits, then there is no state court decision on the merits entitled to deference under 28 U.S.C. § 2254(d)(1). But that does not make the claim cognizable in federal court. It means, rather, that if Conway overcomes the procedural default, this Court will decide the claim on the merits. But the Sixth Circuit has already held in the published decisions cited above that cumulative error claims have no merit.

**Proposed Ground Eighteen**

In his proposed eighteenth ground for relief, Conway wishes to assert the unconstitutionality of Ohio's lethal injection method of execution. The Magistrate Judge held this claim was not cognizable in habeas corpus but rather belongs in § 1983 litigation. Conway is already a plaintiff in the consolidated § 1983 case challenging Ohio's method of execution, *In re Ohio Lethal Injection Protocol Litig.,* 2:11-cv-1016. The Magistrate Judge denied adding Ground Eighteen because "it is now firmly established that method of execution claims must be brought in an action under 42 U.S.C. § 1983 and not in habeas corpus. *In re Campbell,* 874 F.3d

---

[3] If this Court denies a certificate of appealability on this issue, Petitioner can request one from thje circuit court. That court's decision on a certificate of appealability is *de novo*.

5

454 (6th Cir. 2017)." In his Objections, Conway concedes that is the holding of *Campbell*, but notes the Supreme Court has not yet adopted that ruling. He also concedes the Sixth Circuit has found that *Campbell* remains binding precedent in *In re Smith*, 896 Fed.Appx 462 (6th Cir. 2020), despite the intervening decision in *Bucklew v. Precythe*, 139 S. Ct. 1112 (2019). "However," he says, "until the Supreme Court addresses the issue of the impact of the decision in *Bucklew* on *Campbell*, this remains a viable issue and accordingly is not futile." (Objections, ECF No. 301, PageID 21614).

Conway does not mention that the Supreme Court denied certiorari in *Campbell*. *Campbell v. Jenkins,* 138 S. Ct. 466 (2017). Of course a denial of certiorari settles nothing. The Court could eventually grant certiorari in this case or some other case involving the same issue[4]. And the Sixth Circuit sitting *en banc* could overrule *Campbell*. But that is true of thousands of issues on which the Supreme Court has not yet spoken. Although it has not yet done so, the Supreme Court could some day decide that the Third Amendment is binding on the States through the Fourteenth. *McDonald v. Chicago*, 561 U.S. 742 (2010). Even when the Supreme Court speaks, its answer is not for all time. It could some day overrule *Santa Clara County v. Southern Pacific Railroad*, 118 U.S. 394 (1886), and hold that corporations are not persons for purposes of the Fourteenth Amendment. But this Court cannot litigate claims that some day might be recognized by the Supreme Court. Denial of the amendment will preserve Conway's hope of eventually presenting these two claims to the Supreme Court while following the law as currently announced by the Sixth Circuit.

---

[4] Ohio death row inmates have repeatedly attempted to bring method of execution claims in habeas as well as in § 1983. The judges of this Court have uniformly resisted that approach.

**Conclusion**

Upon reconsideration, the Magistrate Judge finds not legal error in the Decision denying the Motion to Amend.

As is implicit in the Decision, there is no good reason that Petitioner should not be allowed to refine his statement of the other grounds for relief.  Once the District Judge decides on the seventeenth and eighteenth grounds, Petitioner should re-submit his proposed amended petition.

August 4, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge
