IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JAMES T. CONWAY III,

        Petitioner,      :      Case No. 3:07-cv-345

  -vs-                               District Judge Timothy S. Black
                                     Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,
                                     :

        Respondent.

# SUPPLEMENTAL REPORT ON MOTION TO STAY

This capital habeas corpus case is before the Court on Petitioner's Objections and Appeal (ECF No. 317) from the Magistrate Judge's Decision and Order Denying Petitioner's Motion to Stay the proceedings. (ECF No. 316). The Warden filed no objections, but has responded to Petitioner's Objections. (ECF No. 319). District Judge Black has recommitted the matter for reconsideration and a supplemental report in light of the Objections. (ECF No. 318).

Citing the Ohio Supreme Court's recent decision in *State v. Bethel*, 167 Ohio St.3d 362 (2022), Petitioner moved to stay these proceedings so he could return to the state courts for a third time in order to pursue the same *Brady* and conflict of interest/ineffective assistance of counsel claims the state courts have previously dismissed. (ECF No. 313). Petitioner argued the Ohio

1

Supreme Court's decision in *Bethel* expanded the scope of the successive postconviction remedies that Petitioner previously pursued, and opened the possibility of Petitioner's pursuing a motion for a new trial, thus rendering portions of his second, tenth and eleventh claims for relief unexhausted. (ECF No. 313, at PAGEID # 21664). Specifically, Petitioner argued that *Bethel* lowered the standard of proof for satisfying Ohio's successive postconviction jurisdictional prerequisites set forth in Ohio Rev. Code § 2953.23(A)(1), and also removed a time limitation for seeking a new trial based on newly discovered evidence pursuant to Ohio Crim. R. 33. Citing several non-binding decisions, Petitioner argued his once exhausted claims became unexhausted when the Ohio Supreme Court modified applicable state procedure.

Citing several recent decisions from Judges within this District, the undersigned concluded the *Bethel* decision did not render Petitioner's claims unexhausted. In his Objections, Petitioner argues the Magistrate Judge "erred both legally and factually when he held that Conway was not required to return to state court to exhaust the claims and facts contained in his First and Second Successor Post-Conviction Petitions." (ECF No. 317, at PAGEID # 21708-709.)

First, Petitioner contends the Decision and Order is contrary to law. Petitioner argues that he "cited several cases for the proposition that a previously exhausted, defaulted claim becomes unexhausted when the state courts' interpretation of a previously unavailable state court remedy becomes

2

available through judicial interpretation or legislative action." (*Id.* at PAGEID # 21708). Petitioner proceeds to cite three cases, all of which pre-date enactment of the AEDPA and none of which are from the Sixth Circuit. Specifically, Petitioner cites *Texas v. Payton*, 390 F.2d 261, 270-72 (5th Cir. 1968), *Cage v. Auger*, 514 F.2d 1231, 1233 (8th Cir. 1975); and *United States v. ex rel. King, v. Lavalee*, 306 F.2d 199, 202 (2nd Cir. 1962). The cases Petitioner cites involve the creation or significant expansion of new state procedures and are distinguishable from the instant case. Additionally, none of the cases Petitioner cites are binding on this Court.

Notably, Petitioner does not address or mention the calendar year 2023 decisions by the Judges of this District, including that of Chief Judge Marbley in Petitioner's other death penalty case, that are directly on point and flatly reject Petitioner's arguments herein regarding *Bethel* and exhaustion. *See Conway, III v. Warden*, Case No. 2:07-cv-947, ECF No. 229 (S.D. Ohio Mar. 15, 2023) (Marbley, C.J.) (citing *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979) for proposition that where several alternative State remedies are available, exhaustion of one of those alternatives on a particular issue is all that is necessary because § 2254 does not require repetitious applications for relief). *See also Kinley v. Bradshaw*, No. 3:03cv127, ECF No. 146, 2023 WL 6057368, *4 (S.D. Oh. Sept, 18, 2023) (finding *Bethel* did not render exhausted claims unexhausted, because a habeas litigant is not "required (or permitted, the Court would add) to repetitively present his federal claims to the state

3

courts once he had done so in one full round of the state's established procedures"); *Were (n.k.a. Mateen) v. Warden*, Case No. 1:10-cv-698, ECF No. 192 (S.D. Ohio Mar. 15, 2023) (Watson, D.J) (finding *Bethel* does not require re-exhaustion of habeas litigant's claims). Nothing in the cases cited by Petitioner persuades this Court that the District Judges referenced above are wrong.

Secondly, Petitioner objects to the "alternative" decision of the Magistrate Judge that the "newly interpreted remedies would not be available to Conway because the state courts rejected the merits of the claims when ruling that Conway could not meet the previous state court restrictions on successor petition." (ECF No. 317, at PAGEID # 21709.) Petitioner claims the Magistrate Judge's analysis was "limited to the state court ruling on Conway's *Brady* claims in his successor post-conviction petition" and "did not address the newly expanded new trial motion remedy or Conway's ineffective assistance of counsel claims." (*Id.*)

The undersigned noted that when Petitioner previously returned to the state courts to exhaust the claims at issue here, the state courts determined Petitioner's claims were either barred by *res judicata* or did not meet the gatekeeping requirements of Ohio Revised Code § 2953.23(A)(1). Importantly, in determining Petitioner failed to satisfy Ohio's jurisdictional prerequisites for consideration of a successor petition, the state courts assumed, at least in connection with his *Brady* and conflict of interest claims, that Petitioner

4

satisfied the "unavoidably prevented" hurdle of the § 2953.23(A)(1)(a) inquiry. Thus, the main issue in *Bethel* – *i.e.* whether a timeliness or due diligence requirement could be imposed upon a petitioner in connection with the discovery of *Brady* material – was not at issue during Petitioner's first attempt at filing a successive petition.

As the undersigned previously noted, it is possible the state courts could reconsider Petitioner's substantive allegations in a renewed successive petition or motion for a new trial, but additional exhaustion is not required and does not justify a further delay and stay of these proceedings. Nothing in this Court's Order denying a stay prevents Petitioner from pursuing additional relief while these proceedings are underway, and that is precisely what Petitioner has elected to do in his other death penalty habeas corpus case. *See Conway, III v. Warden*, Case No. 2:07-cv-947, ECF No. 242 (S.D. Ohio Mar. 15, 2023) (*Notice Petitioner Conway Will be Returning to State Court*).

Accordingly, the Magistrate Judge declines to recommend any modification of the prior decision.

December 18, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge