IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JAMES T. CONWAY III,**

      **Petitioner,**

v.                                                    **Case No. 3:07-cv-345**
                                                        **Judge Timothy S. Black**
**MARK C. HOUK, Warden,**               **Magistrate Judge Michael R. Merz**

      **Respondent.**

## OPINION AND ORDER

Petitioner James T. Conway III, a prisoner sentenced to death by the State of Ohio, has pending before this Court a habeas corpus action pursuant to 28 U.S.C. § 2254. This matter is before the Court on the following pleadings and orders:

- ECF No. 313 – Conway's Motion to Hold these Proceedings in Abeyance Pending the Exhaustion of State Court Remedies;

- ECF No. 316 – Decision and Order Denying Motion to Stay;

- ECF No. 317 – Conway's Objections and Appeal from the Magistrate Judge's Decision and Order Denying Motion to Stay Proceedings;

- ECF No. 318 – Recommittal Order;

- ECF No. 319 – the Warden-Respondent's Response in Opposition;

- ECF No. 320 – Supplemental Report on Motion to Stay;

- ECF No. 324 – Conway's Objections and Appeal from the Magistrate Judge's Supplemental Report on Motion to Stay; and

- ECF No. 325 – the Warden-Respondent's Response in Opposition.

For the reasons that follow, the Court **OVERRULES** Conway's ECF Nos. 317 and 324

Objections; **ADOPTS** the ECF No. 316 Decision and Order Denying Motion to Stay and ECF No. 320 Supplemental Report on Motion to Stay; and **DENIES** Conway's ECF No. 313 Motion to Stay.

## I.  OVERVIEW

Conway sought a stay "to permit him to exhaust the constitutional claims developed in the discovery proceedings ordered by this Court." (ECF No. 313, at PageID 21656.)  Despite the fact that Conway already had returned to state court to present these very claims, unsuccessfully, Conway argued that he was entitled to try again because "[t]he Supreme Court of Ohio issued a decision which expands the scope of remedies afforded by the filing of a successive state court petition and a motion for new trial." (*Id*. (citing *State v. Bethel*, 167 Ohio St. 3d 362, 369-72 (2022)).  According to Conway, that decision essentially rendered his previously exhausted claims now unexhausted.

Conway also sought authorization for his federally appointed counsel to represent him in the state court proceedings he intended to pursue.

Magistrate Judge Michael R. Merz issued a Decision and Order on September 26, 2023 (ECF No. 316), denying Conway's requests.  Pointing to several decisions issued by other courts within this district, the Magistrate Judge agreed that nothing about the manner in which the *Bethel* decision altered Ohio's jurisdictional prerequisites for filing successive postconviction actions and motions for a new trial rendered Conway's exhausted claims now unexhausted. (*Id.*, at PageID 21699-702.)  Specifically, the Magistrate Judge noted that the United States Supreme Court has not interpreted the exhaustion doctrine to require prisoners to file repetitive actions in state court. (*Id*. at PageID 21702 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)).)  In

2

the alternative, the Magistrate Judge also concluded that notwithstanding *Bethel*'s effect on the legal standards for successive postconviction petitions and motions for a new trial, the state appellate court, as part of its jurisdictional inquiry, found no evidence of a constitutional violation. (ECF No. 316, at PageID 21703.)

In a Supplemental Report in response to objections by Conway, the Magistrate Judge reiterated that conclusion, dismissing as inapposite three cases cited by Conway involving the creation or expansion of new state court procedures and pointing out Conway's failure to address the decisions from this district that the Magistrate Judge cited in the original Decision and Order. (ECF No. 320, at PageID 21716-17.) The Magistrate Judge also reiterated his "alternative" decision that the state courts rejected Conway's successive postconviction action on issues unrelated to the new standards created by the *Bethel* decision. (*Id.*, at PageID 21718-19.) Finally, the Magistrate Judge concluded that even though it was possible that the state courts could reconsider Conway's claims in a successive postconviction action and/or motion for a new trial, which Conway was not prohibited from attempting, "additional exhaustion is not required and does not justify a further delay and stay of these proceedings." (*Id.*, at PageID 21719.)

Conway objects (ECF Nos. 317 and 324), and this matter is now ripe for decision.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), the District Court may refer dispositive motions, including motions for post-conviction relief, to a United States Magistrate Judge. Upon such reference, the Magistrate Judge must submit a Report and Recommendation, providing a recommended disposition of the motion, as well as proposed findings of fact. *Id.*; Fed. R. Civ. P. 72(b). Within fourteen days of service of a Magistrate Judge's Report and Recommendation, the

3

parties may serve and file specific written objections to the Report and Recommendation, for the District Judge's consideration. *Id*.

If objections are filed, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to … [and] may accept, reject, or modify the recommended disposition…." Fed. R. Civ. P. 72(b)(3). Thus, the District Judge is not required to review *de novo* every issue raised in the original motion or habeas petition, but only those matters from the Report and Recommendation that received proper objections. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

### III. ANALYSIS

Conway's first objection, raised in both sets of objections, is that the Magistrate Judge's decision failing to recognize the availability of expanded state court remedies is contrary to law. (ECF No. 317, at PageID 21708-09, incorporated by reference in ECF No. 324, at PageID 21735.) As the Magistrate Judge observed, however, Conway did "not address or even mention the calendar year 2023 decisions by the Judges of this District, including that of Chief Judge Marbley in [Conway]'s other death penalty case, that are directly on point and flatly reject [Conway]'s arguments herein regarding *Bethel* and exhaustion." (ECF No. 320, at PageID 21717 (and decisions cited therein).) Conway herein does not cite, and the Court is not aware of, any decisions supporting his argument that the Ohio Supreme Court's *Bethel* decision had the effect of rendering exhausted claims now unexhausted. In the absence of any authority on point supporting his position, Conway fails to demonstrate that the Magistrate Judge's decision was contrary to law. Under Conway's reasoning, habeas petitioners could, under the guise of raising legal challenges to state remedies or of offering new evidence to re-present claims already raised

4

and adjudicated, conceivably continue to return to the state courts in perpetuity. That undermines the principles of comity, federalism, and finality that circumscribe habeas review as explicitly dictated by Congress.

A second objection presented in response to the Magistrate Judge's original Decision and Order challenges the Magistrate Judge's alternate ruling that the state courts essentially rejected the substance of Conway's constitutional claims. According to Conway, that ruling was clearly erroneous because the Magistrate Judge's analysis was limited to the state court ruling on the *Brady* claim that Conway raised in his successor postconviction petitions, and did not take into account either the newly expanded motion-for-a-new-trial remedy or any of Conway's ineffective assistance claims. (ECF No. 317, at PageID 21709.) In view of the Court's rejection of Conway's first objection, it is not necessary to determine whether or to what extent the "*Bethel*" remedies would be available to Conway either in pursuing a motion for a new trial or with respect to his ineffective assistance of counsel claims. Conway fails to demonstrate error that would warrant sustaining this objection.

In what amounts to a third objection, raised in both sets of objections, Conway challenges the Magistrate Judge's rejection of cases that Conway cited for the proposition that a previously exhausted, defaulted claim becomes unexhausted when the state courts' interpretation or legislative action makes previously unavailable state court remedies newly available. (ECF No. 317, at PageID 21708-09; ECF No. 324, at PageID 21735-37.) Conway fails to demonstrate any legal error because nothing about those cases persuades this Court that the exhaustion requirement requires <u>or permits</u> Conway to repetitively present his federal claims to the state courts since he has already done so in one full round of Ohio's established procedures—

5

especially against the backdrop of the other decisions by Judges within this District uniformly endorsing this interpretation of the exhaustion doctrine.

In a fourth objection, Conway takes issue with the Magistrate Judge's failure, following his acknowledgement that the state courts *could* entertain any successor postconviction petition or motion for new trial that Conway might pursue, to recommend that a stay be issued on that basis. (ECF No. 324, at PageID 21738.) Conway asserts that should these proceedings conclude before the completion of any state court proceedings, Conway would be forced to overcome successive habeas corpus hurdles. Concomitantly, he continues, even if any state court proceedings concluded before the completion of this proceeding, this Court, absent a stay, would have to determine whether it was bound by the state court rulings from the initial successive postconviction proceedings or the state court rulings from the renewed successive postconviction proceedings. As a preliminary matter, the Court notes that the same decisions issued by other Judges within this District denying *Bethel*-based stays also did so *despite* the pendency of state-court proceedings in those habeas cases. *See Turner v. Warden, Marion Correctional Inst.*, Case No. 3:22-cv-303, 2024 WL 363236, at *3 (S.D. Ohio Jan. 31, 2024) (collecting cases). For the reasons discussed more fully in its rejection of Conway's first objection, this Court cannot countenance further delay for Conway to attempt to exhaust claims that are, by the letter and spirit of the exhaustion doctrine, already exhausted. As Conway has shown no error of law or fact, his fourth objection must be overruled.

## IV. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Conway's ECF Nos. 317 and 324 Objections; **ADOPTS** the ECF No. 316 Decision and Order Denying Motion to Stay and ECF

6

No. 320 Supplemental Report on Motion to Stay; and **DENIES** Conway's ECF No. 313 Motion to Stay.

      **IT IS SO ORDERED.**

                                    *s/Timothy S Black*
                                  **TIMOTHY S. BLACK**
                                  **UNITED STATES DISTRICT JUDGE**